IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01593

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Plaintiff

v.

ESTATE OF JEFFREY M. JOHNSON and LAUREL JOHNSON,

    Defendants

---

## ANSWER AND CROSS COMPAINT TO PLAINTIFF'S COMPLAINT IN INTERPLEADER

---

Defendant Dawn E. Wilson, Personal Representative for the Estate of Jeffrey M. Johnson ("Estate of J. Johnson") through counsel, Francis P. Brown of Davis Schilken, PC, and in response to Plaintiff's Complaint in Interpleader, Answers to wit:

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Paragraph 3 is not applicable to the Defendant and requires neither an admission nor a denial.

4. Defendant admits that the controversy involves $75,000, but denies that this Court has proper subject matter jurisdiction over the claims.

5. Defendant denies the allegation of paragraph 5 based on improper subject matter jurisdiction.

## PLAINTIFF'S GENERAL ALLEGATIONS

6. Defendant admits the allegations contained in paragraphs 6 through 9.

## PLAINTIFF'S CLAIM FOR RELIEF

7. No response is required to paragraph 10, but Defendant incorporates her previous admissions and denials.

8. With regard to paragraphs 11 through 14, Defendant denies the allegations. Prior to filing the Complaint, Plaintiff's counsel was made aware that probate matter 2010PR156 was opened in the Douglas County District Court on June 2, 2010 and this Court had the authority and ability under the Colorado Probate Code to resolve the dispute between the Defendants and relieve Plaintiff of its double or multiple liability concerns.

## PLAINTIFF'S CLAIM FOR RELIEF

9. Each allegation of fact in the complaint not specifically admitted is denied.

10. Plaintiff failed to state a claim for which relief can be granted.

11. This Court lacks proper subject matter jurisdiction.

## DEFENDANT'S GENERAL ALLEGATIONS

12. Defendant believes that Defendant Laurel Johnson and Jeffrey M. Johnson ("Decedent") were married in 2000.

13. Defendant believes that on or about December 31, 2001, Decedent purchased a life insurance policy from Plaintiff and designated Defendant Laurel Johnson as his primary beneficiary and his Mother Judith Johnson as his contingent beneficiary.

14. Mrs. Judith Johnson died on December 18, 2006.

15. Defendant believes that Defendant and Decedent received their final divorce decree or it was made permanent on or about March 14, 2008.

16. On June 2, 2010 Defendant Dawn Wilson opened a probate case in Douglas County District Court and was appointed the Personal Representative of Decedent's estate accepting personal liability for resolving the Decedent's estate.

17. On June 4, 2010 Counsel for Defendant contacted Plaintiff to notify it the life insurance proceeds should not be distributed to Defendant Laurel Johnson.

## DEFENDANT WILSON'S CROSS CLAIM FOR RELIEF

18. Defendant Dawn Wilson, in her official capacity as Personal Representative, is entitled to receipt of the life insurance proceeds.

19. Pursuant to C.R.S. §15-11-804(2) Defendant Laurel Johnson's status as a beneficiary was revoked.

20. Pursuant to C.R.S. §15-11-804(4) the effect of this revocation as a matter of law is Defendant is deemed to have disclaimed such funds and to have died immediately before the divorce.

21. Defendant lays claim to the funds payable under the Policy on behalf of the estate because both the primary and contingent beneficiaries died before the Decedent.

22. Pursuant to C.R.S. §§15-12-711 and §15-12-711 and the authority of the Douglas County District Court, Defendant Dawn Wilson has the responsibility and personal liability to pay the proceeds out in accordance with the Probate Code.

23. The Decedent's estate is insufficient to satisfy claims made against the estate and Defendant seeks contribution of funds held by Plaintiff to pay those claims.

24. Plaintiff can obtain the relief it seeks from double or multiple liability by allowing the Douglas County District Court to adjudicate the competing and conflicting claims within the

scope of Decedent's probate case and issue an Order instructing Plaintiff to pay funds to one of the Defendants.

WHEREFORE, Defendant Dawn Wilson prays for the following relief:

A. Entry of declaratory judgment ordering Plaintiff to pay the proceeds to Defendant Dawn Wilson, in her official capacity as Personal Representative, to hold and distribute such funds in accordance with the Colorado Probate Code and in accordance with direction from the Douglas County District Court.

B. Entry of an order directing Defendants to resolve this issue before the Douglas County District Court already administering Decedent's affairs in probate case 2010PR156.

C. The granting of such further relief as the Court deems just and proper under the circumstances.

Dated this 10th day of August 2010.

DAVIS SCHILKEN, P.C.

By: __/ s / Francis P. Brown__
Francis P. Brown
Davis Schilken, P.C.
523 Park Point Drive, Suite 350
Golden, Colorado 80401
Phone: (303) 670-9855
Fax: (303) 670-5381
E-mail: fpbrown@dslawcolorado.com

Attorney for Dawn Wilson,
Estate of Jeffrey M. Johnson

## **CERIFICATE OF SERVICE**

     I certify that on the 10th day of August 2010, a true and correct copy of the foregoing **ANSWER TO COMPLAINT IN INTERPLEADER** was served electronically or by U.S. mail fist class postage prepaid, addressed as follows:

Cyd Hunt, Esq.
Evans & McFarland, LLC
910 13th Street, Suite 200
Denver, CO 80401

Greg Bell, Esq.
Bell, Gould & Scott, P.C.
322 East Oak Street
Fort Collins, CO 80401

                                             / s / Francis P. Brown