IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-01593-KLM-KMT

AMERICAN GENERAL LIFE INSURANCE COMPANY,

　　　Plaintiff,

v.

ESTATE OF JEFFREY M. JOHNSON, and
LAUREL JOHNSON, n/k/a Laurel Christensen,

　　　Defendants/Cross-Claimants.

## ORDER

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

　　　This matter is before the Court on Plaintiff's **Motion for Dismissal with Prejudice and Award of Fees and Costs** [Docket No. 23; Filed September 28, 2010] (the "Motion"). The parties have consented to the jurisdiction of a Magistrate Judge, and the Motion is pending before this Court for resolution.  Although both Defendants informed Plaintiff that they opposed the Motion, only Defendant Laurel Johnson [hereinafter referred to as Defendant Christensen] filed a Response in opposition [Docket No. 25].  Plaintiff then filed a Reply [Docket No. 31].  The Motion is fully briefed and ripe for resolution.  Having considered the parties' pleadings, the case file and applicable case law,

　　　IT IS HEREBY **ORDERED** that Motion is **GRANTED**.  My ruling is explained below.

### I. Dismissal of Interpleader

　　　This is an interpleader action brought by Plaintiff pursuant to Fed. R. Civ. P. 22. Jurisdiction is premised on 28 U.S.C. § 1332, as Plaintiff's citizenship is diverse from Defendants and the amount in controversy exceeds $75,000.00.  *See Complaint* [#1] at

1-2. Plaintiff, a life insurance company, brought this interpleader action to denounce any right to the life insurance proceeds of its insured, decedent Jeffrey Johnson, to deposit those proceeds with the Court, and to avoid multiple liability suits by competing parties claiming an interest in the entirety of Mr. Johnson's life insurance proceeds. *See Complaint* [#1] at 2-3; *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1713, at 625 (3d ed. 2001) (noting that interpleader action properly brought when "the prerequisites to rule . . . interpleader have been met by examining such things as citizenship of the litigants [and] the merits of the asserted threat of multiple vexation").

Defendants Estate of Jeffrey Johnson and Laurel Christensen claim ownership of the proceeds and filed cross-claims against each other to settle the ownership issue [Docket Nos. 12 & 21]. *See also Complaint* [#1] at 2-3. According to Defendant Estate's Cross-Complaint, there is a separate probate matter to administer Mr. Johnson's affairs pending in the Douglas County District Court. *Answer and Cross-Complaint* [#12] at 4.

On September 2, 2010, Magistrate Judge Kathleen M. Tafoya granted Plaintiff's Motion to Interplead Funds and ordered Plaintiff to tender the amount of $500,000.00, plus interest, to the Court's registry [Docket No. 19]. Judge Tafoya also noted that upon tender of the funds, Plaintiff "shall be deemed discharged from liability with respect to the subject funds." *Order* [#19] at 2. Plaintiff has now tendered the funds and seeks dismissal of the case with prejudice [Docket No. 22]. *See Motion* [#23] at 2.

Dismissal with prejudice is proper under these circumstances. *See Gen'l Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56 (10th Cir. 1977); 7 Wright et al., *supra* § 1714, at 625-27. Although Defendant Christensen "vehemently objects to dismissing Plaintiff," her basis for doing so is insufficient. *See Response* [#25] at 7. First, neither Defendant has filed a

2

counterclaim against Plaintiff. Second, Judge Tafoya has already discharged Plaintiff's liability in this matter [Docket No. 19]. As Plaintiff does not claim title to the subject proceeds and has deposited them in the Court's registry, it is deemed to be a disinterested stakeholder. *See Transam. Premier Ins. Co. v. Growney*, 70 F.3d 123 (table) (10th Cir. Nov. 13, 1995). In such a case, Plaintiff has no remaining legal obligations in relation to the remaining parties' claims and shall be permitted to dismiss its case [Docket No. 19]. *See Gen'l Atomic*, 553 F.2d at 56; 7 Wright et al., *supra* § 1714, at 627.

To the extent that Defendant Christensen contends that dismissal is inappropriate because she may want to name Plaintiff "as a defendant in a subsequent matter pending the outcome of this dispute," *Response* [#25] at 7, Defendant Christensen has failed to arguably show how dismissal here would impact her ability, if any, to sue Plaintiff in a later lawsuit. Simply, her objection to dismissal has no valid legal basis and is rejected. At this stage, Plaintiff is entitled to dismissal with prejudice.

## II. Attorneys' Fees and Costs

In conjunction with dismissal, Plaintiff seeks reimbursement of its attorneys' fees and costs. The rationale for awarding expenses to the stakeholder is well recognized, not only in this Circuit but elsewhere. *See, e.g.*, *Transam.*, 70 F.3d 123 (table); *Equitable Life Assurance Soc'y v. Miller*, 229 F. Supp. 1018, 1020-21 (D. Minn. 1964); 44B Am. Jur. 2d *Interpleader* § 75 (2010). Nevertheless, Defendant Christensen raises several objections to awarding expenses in this case. She contends that: (1) Plaintiff filed this action in bad faith; (2) Plaintiff is not entitled to reimbursement for the ordinary costs of business; and (3) Plaintiff's expenses are not reasonable. *Response* [#25] at 2-5.

As noted above, it is a common practice to award expenses to the stakeholder in an

3

interpleader action. *See Transam.*, 70 F.3d 123 (table) (quoting *United States v. Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)) (recognizing "'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court"). Such fees are awarded when the stakeholder (1) is disinterested, i.e., does not claim any title to the subject funds; (2) concedes liability; (3) deposits the funds with the court; (4) seeks discharge; and (5) is not in some way culpable for the dispute. *Id.* (citing *United Bank of Denver v. Oxford Props., Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988)). I find that Plaintiff satisfies each element. Nevertheless, I address each of Defendant Christensen's arguments below.

First, although Defendant Christensen argues that Plaintiff bears culpability in this dispute, the absence of any counterclaim suggests otherwise. Moreover, Defendant Christensen's contention that Plaintiff should have delayed filing the interpleader action "pending the outcome of either settlement or a state court judicial order," does not equate to culpability in the dispute itself. *See Response* [#25] at 2. As the stakeholder who admits liability for payment of the decedent's proceeds, Plaintiff was well within its right to file this interpleader action. Moreover, it is frequently the case that there is a concurrent state court proceeding in an interpleader action. *See, e.g.*, 7 Wright et al., § 1717, at 657-67. Defendant Christensen has cited no legal authority for the position that a stakeholder should be denied its fees when it reasonably pursues resolution of its liability by interpleader rather than awaiting the outcome of a theoretical settlement or a pending state court probate matter.

Second, I disagree with Defendant Christensen's contention that Plaintiff's expenses are a part of the ordinary cost of doing business. While I recognize that courts

4

have excepted payment of expenses to the stakeholder when such were incurred in the pursuit of ordinary business, such is not the case here. *See* 7 *id.* § 1719, at 681-82 (noting that some courts prohibit payment when expenses incurred in ordinary course of business, but noting the prevailing viewpoint that "the cost of business rationale fails to recognize that other equitable concerns should be consulted in determining whether fees or costs are warranted"); *cf. Melton v. White*, 848 F. Supp. 1513, 1515 (D. Okla. 1994) (holding that even if fees are cost of doing business, there is no prevailing caselaw in the Tenth Circuit drawing this distinction and, therefore, fees are appropriate for disinterested stakeholder).

Regardless of whether this Circuit recognizes an ordinary cost of business exception, Plaintiff's ordinary business is to pay life insurance proceeds upon the death of covered individuals. *See Reply* [#31] at 3-4. It is only because there is a dispute between Defendants about who is lawfully entitled to those proceeds that Plaintiff has incurred additional expenses. Such expenses are not associated with the ordinary cost of doing business and are reasonably borne by the fund because Plaintiff "has, at its own expense, facilitated the efficient resolution of a dispute in which it has no interest (other than avoiding liability for an erroneous distribution of the stake), to the benefit of the competing claimants – the true disputants – who should be able to cover the typically minor expense involved out of the fund distributed to them." *Transam.*, 70 F.3d 123 (table); *see also John Hancock Mut. Life Ins. Co. v. Jordan*, 836 F. Supp. 743, 749 (D. Colo. 1993) (recognizing that where interpleader action brought to avoid "the risk of multiplicity of actions and erroneous election[,] . . . the stakeholder should be made whole"). Here, Plaintiff seeks reimbursement for $5,238.00 in attorneys' fees and $918.04 in costs. *See Motion* [#23] at 2. As will be discussed below, while reimbursement is appropriate, such expenses must

5

be shown to be reasonable.

Finally, to this end, I agree with Defendant Christensen that Plaintiff has not established the reasonableness of its claimed expenses. To date, Plaintiff has submitted an affidavit averring to the amount of its expenses and contending that they are reasonable based on counsel's qualifications and experience [Docket No. 23-1]. This is only half of the material necessary for the Court to make a reasonableness determination. Pursuant to D.C.COLO.LCivR 54.3, a request for fees must be supported by an affidavit which sets forth "a detailed description of the services rendered, the amount of time spent, the hourly rate, . . . the total amount claimed [and] a summary of the relevant qualifications and experience." Typically, in addition to an affidavit, the required information can be shown with the production of a document which itemizes the hours spent and provides a description of the services rendered. Additional detail is required before the Court can assess whether and to what extent Plaintiff's claimed expenses are reasonable.

### III. Cross-Claims

Dismissal of Plaintiff technically eliminates the basis for the Court's original jurisdiction over this matter. However, at this stage of the case, courts in interpleader actions often maintain jurisdiction over the matter as an exercise of the courts' discretion. To this end, "federal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule interpleader case it is not lost when the stakeholder is discharged or by invoking the theory that there is [supplemental] jurisdiction over the second stage of the interpleader." 7 Wright et al., *supra* § 1710, at 592.

Defendant Estate's current position on whether the Court should continue to

exercise jurisdiction over the dispute is unclear,[1] but Defendant Christensen appears to be in favor of such a result, although her position has not been consistent throughout the litigation. For example, in her Answer to Plaintiff's Complaint, she argued that the Court does not have subject matter jurisdiction over the matter. *Answer and Cross-Complaint* [#21] at 2.[2] By contrast, in her Response to the Motion, she argued that dismissal of Plaintiff should not be permitted because it would deprive the Court of subject matter jurisdiction over the matter. *Response* [#25] at 6. Defendant Christensen's assumption that dismissal of Plaintiff would necessarily deprive the Court of jurisdiction is incorrect. As noted above, the Court may continue to exercise jurisdiction over the parties' cross-claims regardless of Plaintiff's dismissal pursuant to my supplemental jurisdiction authority under 28 U.S.C. § 1367. *See* 7 Wright et al., *supra* § 1710, at 593.

However, because Defendant Estate's current position is unknown and Defendant Christensen's position appears to change as the status of the case changes, I am hesitant to decide whether to exercise supplemental jurisdiction over the second phase of this case

---

[1] As noted above, while Defendant Estate apparently opposes the relief requested in Plaintiff's Motion, it did not file a response explaining its opposition. Pursuant to Defendant Estate's Answer, it seeks "[e]ntry of an order directing Defendants to resolve this issue before the Douglas County District Court already administering Decedent's affairs in probate case 2010PR156." *Answer and Cross-Complaint* [#12] at 4. However, Defendant Estate's objection to Plaintiff's dismissal from the current case appears to be inconsistent with its prior request to adjudicate its dispute with Defendant Christensen in state probate court.

[2] Defendant Christensen's argument appears to be based on the incorrect assumption that the interpleader action was brought pursuant to 28 U.S.C. § 1335, which requires that a Defendant's citizenship be diverse from at least one other Defendant's citizenship. *See Gen'l Atomic*, 553 F.2d at 56. In actuality, this action was brought pursuant to Fed. R. Civ. P. 22, see *Complaint* [#1] at 1, which requires only that the Court have original jurisdiction via, for example, the diversity of citizenship test, i.e., that Plaintiff's citizenship be diverse from all Defendants. *See generally* 7 Wright et al., *supra* § 1710, at 579-99. As noted above, the interpleader action was properly filed pursuant to Rule 22 and satisfies the diversity of citizenship test.

without being fully informed of Defendants' positions.[3]  Accordingly, Defendants shall file a joint status report setting forth their positions regarding adjudication of their claims in this Court as opposed to in the state probate court or some other venue.  To this end, the parties shall inform the Court:  (1) whether they have claims pending regarding the insurance proceeds in the state probate court; (2) if not, whether their claims to such proceeds can be filed and adjudicated there; and (3) whether they object to transfer of the subject proceeds to the state probate court for distribution by that court in due course.

### IV.  Summary of Decision

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Dismiss is **granted**.

IT IS FURTHER **ORDERED** that Plaintiff shall be **dismissed with prejudice** and **awarded its reasonable expenses** incurred in this matter.  However, due to Plaintiff's failure to provide sufficient information regarding the reasonableness of its expenses, the amount of the award shall be determined at a later date.

IT IS FURTHER **ORDERED** that, prior to dismissal taking effect, and within **ten (10) days** of this Order, Plaintiff shall file additional information that it would like the Court to consider regarding the expenses incurred.  Any response in objection to the reasonableness of Plaintiff's submission shall be filed within **ten (10) days** of such submission.  **No reply will be permitted**.

IT IS FURTHER **ORDERED** that within **ten (10) days** of this Order, Defendants shall file a joint status report addressing their positions regarding the three issues set forth in

---

[3] In determining whether to exercise supplemental jurisdiction, the Court considers factors such as judicial economy, comity, fairness and convenience to the parties.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  28 U.S.C. § 1367(c) also provides a framework for determining whether to exercise jurisdiction in this circumstance.

more detail above.

Dated:  November 23, 2010

BY THE COURT:

s/ Kristen L. Mix
KRISTEN L. MIX
United States Magistrate Judge