IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01593-KLM-KMT

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Plaintiff,

v.

ESTATE OF JEFFREY M. JOHNSON, and
LAUREL JOHNSON, n/k/a Laurel Christensen,

    Defendants/Cross-Claimants.

---

### ORDER AWARDING EXPENSES AND DISMISSING CASE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Supplemental Support for Request for Fees** [Docket No. 38; Filed December 1, 2010] ("Supplemental Affidavit") and Defendants' **Joint Status Report** [Docket No. 39; Filed December 3, 2010]. The parties have consented to the jurisdiction of a Magistrate Judge.

On November 23, 2010, the Court granted Plaintiff's motion to dismiss and request for expenses. *Order* [#37] at 8. Prior to dismissal, the Court directed Plaintiff to submit information to allow the Court to make a determination about the reasonableness of its requested expenses. *Id.* The Court also directed Defendants to file a status report addressing their positions regarding exercise of supplemental jurisdiction over their cross-claims after dismissal of Plaintiff's case. *Id.* at 8-9. The parties have now done so. Having considered the parties' pleadings, the case file and applicable case law, the Court makes the following ruling.

### I. Plaintiff's Award of Expenses

As noted in my prior Order, the rationale for awarding expenses to Plaintiff as a disinterested stakeholder in this interpleader action is well recognized. *See, e.g.*, *Transam. Premier Ins. Co. v. Growney*, 70 F.3d 123 (table) (10th Cir. Nov. 13, 1995); *Equitable Life Assurance Soc'y v. Miller*, 229 F. Supp. 1018, 1020-21 (D. Minn. 1964); 44B Am. Jur. 2d *Interpleader* § 75 (2010). I have already found that Plaintiff is entitled to its reasonable expenses, but the left the question of what amount was reasonable to be decided after further briefing. *Order* [#37] at 3-6. Here, Plaintiff seeks reimbursement for $5,238.00 in attorneys' fees and $918.04 in costs. *Supplemental Affidavit* [#38-1] at 1. Despite the fact that Defendant Christensen raised a general objection to the reasonableness of Plaintiff's claimed expenses in relation to the motion to dismiss [Docket No. 25], neither Defendant objected to the reasonableness of the expenses set forth in the Supplemental Affidavit. The objection deadline has now expired.

Pursuant to D.C.COLO.LCivR 54.3B, a party seeking an award of fees must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Plaintiff has submitted the Supplemental Affidavit of counsel detailing the amount and type of work performed and costs incurred as well as a description of certifying counsel's qualifications. Although detailed billing statements and an itemized list of costs would have also assisted the Court, I find that Plaintiff has minimally provided sufficient documentation to allow an award to be determined. The Court addresses the issue of the amount of the award below.

A party seeking an award of expenses must demonstrate that the fees and costs it

seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* at 433; *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

As noted above, Defendants failed to file an objection in relation to the reasonableness of Plaintiff's claimed expenses.[1] My review of the Supplemental Affidavit does not reveal any objectionable work or expenses. Further, I note that the hourly rates billed by the attorneys ($315/hour and $225/hour) are reasonable and, in my experience, within an acceptable range. Given the lack of objection, and my independent review, I conclude that the amount of expenses claimed by Plaintiff is reasonable. Pursuant to this Order, I award Plaintiff **$6156.04** from the interpled funds. *See Transam.*, 70 F.3d 123 (table) (quoting *United States v. Fidelity & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975)) (recognizing "'common practice' of reimbursing an interpleader plaintiff's litigation costs out of the fund on deposit with the court").

## II. Cross-Claims

---

[1] Although Defendant Christensen generally objected to the reasonableness of the claimed expenses in earlier briefing [Docket No. 25], I required Defendants to file specific objections to any supplemental information provided by Plaintiff in relation to its expenses. As such, I do not consider the prior general objections.

Dismissal of Plaintiff's claims technically eliminates the basis for the Court's original jurisdiction over this matter. However, at this stage of the case, courts in interpleader actions often maintain jurisdiction over the matter as an exercise of the courts' discretion. *See* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1710, at 592 (3d ed. 2001 ("[F]ederal courts wisely have chosen to proceed to the second stage of interpleader either on the notion that once diversity jurisdiction exists in a rule interpleader case it is not lost when the stakeholder is discharged or by invoking the theory that there is [supplemental] jurisdiction over the second stage of the interpleader."). Nevertheless, I asked Defendants to submit a status report containing their positions regarding exercise of supplemental jurisdiction over the remaining cross-claims and addressing whether the parties could pursue such claims in the state court probate manner.

Pursuant to the Joint Status Report filed by Defendants, the parties have verified their ability to pursue their claims against each other in the state court probate matter, 2010PR156. *Joint Status Report* [#39] at 2. Neither party objects to dismissal of their claims in this case and transfer of the interpled funds to the probate court, Douglas County District Court, 18th Judicial District, Colorado. *Id.* To this end, Defendants request that the Court decline to exercise supplemental jurisdiction. Given that the remaining parties are residents of Colorado, their claims arise under Colorado law, and the probate court is already familiar with the matter, I decline to exercise supplemental jurisdiction. *See generally* 28 U.S.C. § 1367(c); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

### III. Summary of Decision

IT IS HEREBY **ORDERED** that Plaintiff shall be reimbursed **$6156.04** from the

interpled funds contained in the Court's registry.  The Clerk is directed to remit such amount to Plaintiff at Evans & MacFarland, LLC, 910 13th Street, Suite 200, Denver, Colorado 80401.

IT IS FURTHER **ORDERED** that the remaining interpled funds (including the principle and interest), minus the registry fee assessment, shall be transferred to the registry for the Douglas County District Court, 18th Judicial District, 4000 Justice Way, Suite 2009, Castle Rock, Colorado 80109.

IT IS FURTHER **ORDERED** that Plaintiff's claims are **dismissed with prejudice**.

IT IS FURTHER **ORDERED** that Defendants' cross-claims are **dismissed without prejudice**.

IT IS FURTHER **ORDERED** that after payment is made to Plaintiff and transfer of the remaining interpled funds has been effected, the Clerk shall close this case.

Dated:  December 16, 2010

BY THE COURT:

s/ Kristen L. Mix
KRISTEN L. MIX
United States Magistrate Judge